# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| WANDA K. LA FLEUR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10-4114-SSA-CV-C-MJW |
| | ) |
| MICHAEL J. ASTRUE, Commissioner, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Claimant Wanda K. LaFleur has filed a motion to remand this case to the Commissioner of Social Security for reconsideration, pursuant to 42 U.S.C. § 405(g). In support, claimant asserts there is new evidence that is material and there is good cause for the failure to incorporate such evidence into the record of any prior proceeding. The defendant has filed suggestions in opposition.

Claimant filed her Title II application for disability insurance benefits on February 13, 2006. Her claim was denied on August 29, 2006. Her requested administrative hearing was held on February 5, 2008, and the Administrative Law Judge (ALJ) entered an unfavorable decision on February 29, 2008. Claimant's request for review by the Appeals Council was denied on May 25, 2010. The appeal to this Court was filed on May 28, 2010.

The new evidence referred to by claimant in support of her motion for remand is a one-page letter from Sarah Smitherman, M.D., dated August 24, 2010. This letter states that Dr. Smitherman has treated claimant since December 2009 for severe cervical facet arthropathy, chronic jaw pain, and chronic obstructive pulmonary disease, and has recently diagnosed claimant with mural aortic thrombus and abdominal aortic aneurysm for which she has been referred for vascular surgery. Dr. Smitherman notes claimant's medical conditions are being well managed, but opines that these conditions limit claimant's ability to perform her previous level

of functioning and will require frequent follow-up and management, which will further limit claimant's ability to work.

Claimant states this new evidence was unavailable at the time of her administrative hearing and is material to a determination of disability. Claimant asserts that her recent diagnoses provide objective medical explanation for her previously asserted subjective complaints as to severity of pain and other disabling effects of her medical conditions. Claimant states that the letter from her physician explaining her diagnoses and describing the severity of her conditions was not written until August 24, 2010, and thus, was unavailable at the time of her administrative hearing.

Defendant argues that Dr. Smitherman's letter was not in existence at the time of the administrative proceedings and does not relate to the relevant period at issue in this case.

Generally, review of evidence which was not a part of the record during the administrative proceedings is precluded. Jones v. Callahan, 122 F.3d 1148, 1154 (8th Cir. 1997). Remand, pursuant to section 405(g), is appropriate only upon a showing that there is new evidence which is material, and that there is good cause for the failure to incorporate such evidence into the record in the prior proceedings. Id. For new evidence outside the record to be considered, it must be material, noncumulative, relevant, and probative for the period for which benefits were denied. Id. Furthermore, it must be reasonably likely that the Commissioner's consideration of this new evidence would have resulted in an award of benefits. Id.

Upon review, this Court finds that Dr. Smitherman's letter dated August 24, 2010, is not relevant to the probative period for which benefits were denied by the ALJ. Dr. Smitherman's treatment of claimant did not begin until December 2009, almost two years after the ALJ's decision of February 29, 2008. There is no evidence to support that the letter or the contained statements of Dr. Smitherman, developed long after the end of the relevant period, are material to this case. See Rehder v. Apfel, 205 F.3d 1056, 1061 (8th Cir. 2000) (court determined that report by psychologist completed 14 months subsequent to the relevant period did not constitute material new evidence warranting a remand of the case). The letter from Dr. Smitherman does not warrant a remand under section 405(g).

IT IS, THEREFORE, ORDERED that claimant's motion to remand for consideration of new evidence is denied. [4]

Dated this 22nd day of October, 2010, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge